# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: May 23, 2018

| | |
|---|---|
| * * * * * * * * * * * * * | |
| PHYLLIS WEIR, * | |
| * | |
| Petitioner, * | No. 15-1491V |
| * | Special Master Sanders |
| v. * | |
| * | Decision on Proffer; Damages; Influenza |
| SECRETARY OF HEALTH * | ("Flu") Vaccine; Guillain-Barre |
| AND HUMAN SERVICES, * | Syndrome ("GBS") |
| * | |
| Respondent. * | |
| * * * * * * * * * * * * * | |

Michael G. McLaren, Black McLaren, et al., PC, Memphis, TN, for Petitioner.
Robert P. Coleman, United States Department of Justice, Washington, DC, for Respondent.

**DECIONS AWARDING DAMAGES[1]**

On December 9, 2015, Phyllis Weir ("Petitioner") filed a petition for compensation pursuant to the National Vaccine Injury Compensation Program.[2]  42 U.S.C. §§ 300aa-10 to -34 (2012).  Petitioner alleged that the seasonal influenza vaccine she received on February 16, 2013 caused her to develop "Guillain-Barré Syndrome ("GBS") and/or other neurologic and physical impairments and other injuries."  Pet. at 1, ECF No. 1.  Petitioner further alleged that she experienced residual effects of her injury for more than six months.  *Id.* at 8.

On May 10, 2018, Respondent filed a Rule 4(c) Report, in which he stated that he would not contest entitlement in this matter.  ECF No. 48.  On May 11, 2018, the undersigned issued a Ruling on Entitlement consistent with Respondent's Rule 4(c) Report.  ECF No. 49.

---

[1] This decision shall be posted on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).  In accordance with Vaccine Rule 18(b), a party has 14 days to identify and move to delete medical or other information that satisfies the criteria in § 300aa-12(d)(4)(B).  Further, consistent with the rule requirement, a motion for redaction must include a proposed redacted decision.  If, upon review, the undersigned agrees that the identified material fits within the requirements of that provision, such material will be deleted from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub L. No. 99-660, 100 Stat. 3755.

1

On May 23, 2018, Respondent filed a Proffer on Award of Compensation ("Proffer"). ECF No. 52. Based on the record as a whole, the undersigned finds that Petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the Proffer, attached as Appendix A, the undersigned awards Petitioner:

> **A. A lump sum payment of $515,752.80, representing compensation for life care expenses expected to be incurred during the first year after judgment ($23,429.98), lost earnings ($260,427.40), pain and suffering ($210,000.00), and past unreimbursable expenses ($21,895.42), in the form of a check payable to [P]etitioner; and**
>
> **B. An amount sufficient to purchase an annuity contract, subject to the conditions described [in Section II.B. of Appendix A], that will provide payments for the life care items contained in the life care plan, as illustrated by the chart at Tab A, attached [to Appendix A], paid to the life insurance company from which the annuity will be purchased.**

Proffer at 3.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of court **SHALL ENTER JUDGMENT** herewith.[3]

**IT IS SO ORDERED.**

s/Herbrina D. Sanders<br>
Herbrina D. Sanders<br>
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of a notice renouncing the right to seek review.

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**OFFICE OF SPECIAL MASTERS**

| | |
|---|---|
| PHYLLIS WEIR,<br><br>             Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>             Respondent. | No. 15-1491V **(ECF)**<br>Special Master Sanders |

**RESPONDENT'S PROFFER ON AWARD OF COMPENSATION**

**I.    Items of Compensation**

   A.   Life Care Items

On May 10, 2018, respondent filed a Rule 4(c) Report, indicating that respond does not contest entitlement in this matter.  In accordance with respondent's Rule 4(c) Report, on May 18, 2018, on May 11, 2018, the Special Master issued a Ruling on Entitlement, finding that petitioner is entitled to vaccine compensation for her Guillain-Barré syndrome ("GBS").  Respondent engaged life care planner Linda Curtis, RN, MS, CCM, CNLP, and petitioner engaged Susan Guth, LCSW, CCM, CNLP, to provide an estimation of Phyllis Weir's future vaccine-injury related needs.  For the purposes of this proffer, the term "vaccine related" is as described in the respondent's Rule 4(c) Report, filed May 10, 2018.  All items of compensation identified in the life care plan are supported by the evidence, and are illustrated by the chart entitled Appendix A: Items of Compensation for Phyllis Weir, attached hereto as Tab A.[1]

---

[1] The chart at Tab A illustrates the annual benefits provided by the life care plan.  The annual benefit years run from the date of judgment up to the first anniversary of the date of judgment, and every year thereafter up to the anniversary of the date of judgment.

-1-

Respondent proffers that Phyllis Weir should be awarded all items of compensation set forth in the life care plan and illustrated by the chart attached at Tab A. Petitioner agrees.

    B.    <u>Lost Earnings</u>

The parties agree that based upon the evidence of record, Phyllis Weir has suffered past loss of earnings and will suffer a loss of earnings in the future. Therefore, respondent proffers that Phyllis Weir should be awarded lost earnings as provided under the Vaccine Act, 42 U.S.C. § 300aa-15(a)(3)(A). Respondent proffers that the appropriate award for Phyllis Weir's lost earnings is $260,427.40. Petitioner agrees.

    C.    <u>Pain and Suffering</u>

Respondent proffers that Phyllis Weir should be awarded $210,000.00 in actual and projected pain and suffering. This amount reflects that any award for projected pain and suffering has been reduced to net present value. <u>See</u> 42 U.S.C. § 300aa-15(a)(4). Petitioner agrees.

    D.    <u>Past Unreimbursable Expenses</u>

Evidence supplied by petitioner documents Phyllis Weir's expenditure of past unreimbursable expenses related to her vaccine-related injury. <u>See</u> 42 U.S.C. § 300aa-15(a)(1)(B). Respondent proffers that petitioner should be awarded past unreimbursable expenses in the amount of $21,895.42. Petitioner agrees.

    E.    <u>Medicaid Lien</u>

Petitioner represents that there are no Medicaid liens outstanding against her.

## II.     Form of the Award

The parties recommend that the compensation provided to Phyllis Weir should be made through a combination of lump sum payments and future annuity payments as described below, and request that the Special Master's decision and the Court's judgment award the following:[2]

A.  A lump sum payment of $515,752.80, representing compensation for life care expenses expected to be incurred during the first year after judgment ($23,429.98), lost earnings ($260,427.40), pain and suffering ($210,000.00), and past unreimbursable expenses ($21,895.42), in the form of a check payable to petitioner, Phyllis Weir.

B.  An amount sufficient to purchase an annuity contract,[3] subject to the conditions described below, that will provide payments for the life care items contained in the life care plan, as illustrated by the chart at Tab A, attached hereto, paid to the life insurance company[4] from which the annuity will be purchased.[5] Compensation for Year Two (beginning on the first anniversary of the date of judgment) and all subsequent years shall be provided through respondent's purchase of an annuity, which annuity shall make payments directly to petitioner,

---

[2] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief.  In particular, respondent would oppose any award for future medical expenses, future lost earnings, and future pain and suffering.

[3] In respondent's discretion, respondent may purchase one or more annuity contracts from one or more life insurance companies.

[4] The Life Insurance Company must have a minimum of $250,000,000 capital and surplus, exclusive of any mandatory security valuation reserve.  The Life Insurance Company must have one of the following ratings from two of the following rating organizations:

    a.  A.M. Best Company:  A++, A+, A+g, A+p, A+r, or A+s;

    b.  Moody's Investor Service Claims Paying Rating:  Aa3, Aa2, Aa1, or Aaa;

    c.  Standard and Poor's Corporation Insurer Claims-Paying Ability Rating:  AA-, AA, AA+, or AAA;

    d.  Fitch Credit Rating Company, Insurance Company Claims Paying Ability Rating:  AA-, AA, AA+, or AAA.

Phyllis Weir, only so long as Phyllis Weir is alive at the time a particular payment is due. At the Secretary's sole discretion, the periodic payments may be provided to petitioner in monthly, quarterly, annual or other installments. The "annual amounts" set forth in the chart at Tab A describe only the total yearly sum to be paid to petitioner and do not require that the payment be made in one annual installment.

### 1. Growth Rate

Respondent proffers that a four percent (4%) growth rate should be applied to all non-medical life care items, and a five percent (5%) growth rate should be applied to all medical life care items. Thus, the benefits illustrated in the chart at Tab A that are to be paid through annuity payments should grow as follows: four percent (4%) compounded annually from the date of judgment for non-medical items, and five percent (5%) compounded annually from the date of judgment for medical items. Petitioner agrees.

### 2. Life-contingent annuity

Petitioner will continue to receive the annuity payments from the Life Insurance Company only so long as she, Phyllis Weir, is alive at the time that a particular payment is due. Written notice shall be provided to the Secretary of Health and Human Services and the Life Insurance Company within twenty (20) days of Phyllis Weir's death.

### 3. Guardianship

Petitioner is a competent adult. Evidence of guardianship is not required in this case.

### III. Summary of Recommended Payments Following Judgment

 A. Lump Sum paid to petitioner, Phyllis Weir: **$515,752.80**

 B. An amount sufficient to purchase the annuity contract described above in section II.B.

---

[5] Petitioner authorizes the disclosure of certain documents filed by petitioner in this case consistent with the Privacy Act and the routine uses described in the National Vaccine Injury Compensation Program System of Records, No. 09-15-0056.

Respectfully submitted,

CHAD A. READLER
Acting Assistant Attorney General

C. SALVATORE D'ALESSIO
Acting Director
Torts Branch, Civil Division

CATHARINE E. REEVES
Deputy Director
Torts Branch, Civil Division

GABRIELLE M. FIELDING
Assistant Director
Torts Branch, Civil Division

s/ Robert P. Coleman III
ROBERT P. COLEMAN III
Trial Attorney
Torts Branch, Civil Division
U. S. Department of Justice
P.O. Box l46, Benjamin Franklin Station
Washington, D.C.  20044-0146
Tel: (202) 305-0274

DATED:  May 23, 2018

**Appendix A:  Items of Compensation for Phyllis Weir**     Page 1 of 2

| ITEMS OF COMPENSATION | G.R | * | M | Lump Sum Compensation Year 1<br>2018 | Compensation Years 2-6<br>2019-2023 | Compensation Years 7-Life<br>2024-Life |
|---|---|---|---|---|---|---|
| Tricare Deductible | 5% | | | 150.00 | 150.00 | 150.00 |
| PCP | 5% | * | | | | |
| Neurologist | 5% | * | | | | |
| Mileage: Neurologist | 4% | | | 53.14 | 53.14 | 53.14 |
| EMG | 5% | * | | | | |
| Urology | 5% | * | | | | |
| Mileage: Urology | 4% | | | 6.25 | 6.25 | 6.25 |
| Pain Mngt | 5% | * | | | | |
| Mileage: Pain Mngt | 4% | | | 13.28 | 13.28 | 13.28 |
| Podiatrist | 5% | * | | | | |
| Mileage: Podiatrist | 4% | | | 6.34 | 6.34 | 6.34 |
| Counseling | 4% | * | | | | |
| Mileage: Counseling | 4% | | | 49.68 | 49.68 | 49.68 |
| Care Mngt | 4% | | M | 1,050.00 | 1,050.00 | 1,050.00 |
| Gabapentin | 5% | * | | 120.00 | 120.00 | 120.00 |
| Duloxetine | 5% | * | | | | |
| Tramadol | 5% | | | 1,335.12 | 1,335.12 | 1,335.12 |
| Alprazolam | 5% | * | | 120.00 | 120.00 | 120.00 |
| Tizanadine | 5% | * | | | | |
| Krill Oil | 4% | | M | 113.15 | 113.15 | 113.15 |
| Vit B6 | 4% | | M | 113.25 | 113.25 | 113.25 |
| Vit B12 | 4% | | M | 87.60 | 87.60 | 87.60 |
| Turmeric | 4% | | M | 54.75 | 54.75 | 54.75 |
| Probiotic | 4% | | M | 104.00 | 104.00 | 104.00 |
| Poise Pads | 4% | | M | 182.50 | 182.50 | 182.50 |
| Tonic Water | 4% | | M | 11.88 | 11.88 | 11.88 |
| Cane | 4% | | | 51.50 | 8.58 | 8.58 |
| Cane Tips | 4% | | | 14.99 | 7.50 | 7.50 |
| Walker | 4% | | | 57.30 | 11.46 | 11.46 |
| Leg Brace/ Orthotic | 4% | * | | | | |
| Custom Shoes | 4% | | | 175.00 | 175.00 | 175.00 |
| Grab Bars | 4% | | | 181.80 | 18.18 | 18.18 |
| Shower Chair | 4% | | | 93.95 | 9.40 | 9.40 |
| Adj Bed | 4% | | | 799.00 | | |
| Bed Rail | 4% | | | 85.40 | | |
| Angled Perching Stool | 4% | | | 58.99 | | |
| Toilet Frame | 4% | | | 42.95 | 8.59 | 8.59 |
| Reachers | 4% | | | 46.50 | 9.30 | 9.30 |
| Adaptive Devices for Dressing | 4% | | | 70.56 | 14.11 | 14.11 |
| Handybar Support for Vehicle | 4% | | | 29.99 | 4.28 | 4.28 |
| Scooter | 4% | | | 1,829.00 | 182.90 | 182.90 |
| Scooter Batteries | 4% | | | 59.50 | 59.50 | 59.50 |
| Scooter Car Carrier | 4% | | | 1,215.00 | 121.50 | 121.50 |

**Appendix A: Items of Compensation for Phyllis Weir**  Page 2 of 2

| ITEMS OF COMPENSATION | G.R | * | M | Lump Sum Compensation Year 1 2018 | Compensation Years 2-6 2019-2023 | Compensation Years 7-Life 2024-Life |
|---|---|---|---|---|---|---|
| PT Eval | 4% | * | | | | |
| Mileage: PT Eval | 4% | | | 2.61 | 2.61 | 2.61 |
| PT | 4% | * | | | | |
| Gym Membership | 4% | | | 650.00 | 650.00 | 650.00 |
| Mileage: PT | 4% | | | 31.32 | 10.44 | 10.44 |
| Companion Care/ Homemaker | 4% | | M | 8,648.64 | 8,648.64 | |
| Homemaker for Transportation | 4% | | M | 887.04 | 887.04 | 887.04 |
| Personal Care Attendant | 4% | | M | | | 22,995.00 |
| Lawn Care | 4% | | M | 1,440.00 | 1,440.00 | 1,440.00 |
| Housekeeping | 4% | | M | 960.00 | 960.00 | 960.00 |
| House Cleaning | 4% | | | 400.00 | 400.00 | 400.00 |
| Home Mods | 0% | | | 2,028.00 | | |
| Lost Earnings | | | | 260,427.40 | | |
| Pain and Suffering | | | | 210,000.00 | | |
| Past Unreimbursable Expenses | | | | 21,895.42 | | |
| Annual Totals | | | | 515,752.80 | 17,199.97 | 31,546.33 |

Note: Compensation Year 1 consists of the 12 month period following the date of judgment.
Compensation Year 2 consists of the 12 month period commencing on the first anniversary of the date of judgment.
As soon as practicable after entry of judgment, respondent shall make the following payment to petitioner for Yr 1 life care expenses ($23,429.98), lost earnings ($260,427.40), pain and suffering ($210,000.00), and past unreimbursable expenses ($21,895.42): $515,752.80.
Annual amounts payable through an annuity for future Compensation Years follow the anniversary of the date of judgment.
Annual amounts shall increase at the rates indicated above in column G.R., compounded annually from the date of judgment.
Items denoted with an asterisk (*) covered by health insurance and/or Medicare.
Items denoted with an "M" payable in twelve monthly installments totaling the annual amount indicated.