# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
Filed: September 11, 2018

```
* * * * * * * * * * * * *
PHYLLIS WEIR,                    *
                                 *
        Petitioner,              *       No. 15-1491V
                                 *       Special Master Sanders
v.                               *
                                 *       Attorneys' Fees and Costs
SECRETARY OF HEALTH              *
AND HUMAN SERVICES,              *
                                 *
        Respondent.              *
* * * * * * * * * * * * *
```

Michael G. McLaren, Black McLaren, et al., PC, Memphis, TN, for Petitioner.
Robert P. Coleman, United States Department of Justice, Washington, DC, for Respondent.

### DECISION ON ATTORNEYS' FEES AND COSTS[1]

On December 9, 2015, Phyllis Weir ("Petitioner") filed a petition for compensation pursuant to the National Vaccine Injury Compensation Program.[2] 42 U.S.C. §§ 300aa-10 to -34 (2012). Petitioner alleged that the seasonal influenza vaccine she received on February 16, 2013 caused her to develop "Guillain-Barré Syndrome ("GBS") and/or other neurologic and physical impairments and other injuries." Pet. at 1, ECF No. 1. Petitioner further alleged that she experienced residual effects of her injury for more than six months. *Id.* at 8.

On May 10, 2018, Respondent filed a Rule 4(c) Report, in which he stated that he would not contest entitlement in this matter. ECF No. 48. On May 11, 2018, the undersigned issued a Ruling on Entitlement consistent with Respondent's Rule 4(c) Report. ECF No. 49. On May 23, 2018, Respondent filed a Proffer on Award of Compensation (ECF No. 52), which the undersigned

---

[1] This decision shall be posted on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), a party has 14 days to identify and move to delete medical or other information that satisfies the criteria in § 300aa-12(d)(4)(B). Further, consistent with the rule requirement, a motion for redaction must include a proposed redacted decision. If, upon review, the undersigned agrees that the identified material fits within the requirements of that provision, such material will be deleted from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub L. No. 99-660, 100 Stat. 3755.

1

adopted as the Decision Awarding Damages on the same day (ECF No. 53).

On August 1, 2018, Petitioner filed an application for attorneys' fees and costs. ECF No. 59 ("Fees App."). Petitioner requested attorneys' fees in the amount of $71,695.40 and attorneys' costs in the amount of $23,106.15. Pursuant to General Order No. 9, Petitioner has indicated that she has not personally incurred any costs in pursuit of her claim. Respondent reacted to the motion on August 15, 2018, indicating that "Respondent is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case" and requesting that the undersigned "exercise her discretion and determine a reasonable award for attorneys' fees and costs." Resp't's Resp. at 2-3 (ECF No. 60). Petitioner did not file a reply thereafter.

This matter is now ripe for consideration.

**I.      Reasonable Attorneys' Fees and Costs**

The Vaccine Act permits an award of reasonable attorneys' fees and costs. § 15(e). The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1348 (Fed. Cir. 2008). This is a two-step process. *Id.* First, a court determines an "initial estimate ... by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" *Id.* at 1347–48 (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). Second, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings. *Id.* at 1348.

It is "well within the special master's discretion" to determine the reasonableness of fees. *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521–22 (Fed. Cir. 1993); *see also Hines v. Sec'y of Health & Human Servs.*, 22 Cl. Ct. 750, 753 (1991). ("[T]he reviewing court must grant the special master wide latitude in determining the reasonableness of both attorneys' fees and costs."). Applications for attorneys' fees must include contemporaneous and specific billing records that indicate the work performed and the number of hours spent on said work. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316–18 (2008).

Reasonable hourly rates are determined by looking at the "prevailing market rate" in the relevant community. *See Blum*, 465 U.S. at 895. The "prevailing market rate" is akin to the rate "in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Id.* at 895, n.11. The petitioner bears the burden of providing adequate evidence to prove that the requested hourly rate is reasonable. *Id.*

**a.   Hourly Rates**

The decision in *McCulloch* provides a framework for consideration of appropriate ranges for attorneys' fees based upon the experience of the practicing attorney. *McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015), *motion for recons. denied*, 2015 WL 6181910 (Fed. Cl. Spec. Mstr. Sept. 21, 2015). The

Court has since updated the *McCulloch* rates, and the Attorneys Forum Hourly Rate Fee Schedules for 2015-2016, 2017, and 2018 can be accessed online.[3]

Petitioner requests different hourly rates for work performed by a paralegal, two law clerks, and four attorneys at the law firm Black McLaren Jones Ryland & Griffee ("BMJRG"). Petitioner's attorneys' firm has previously been awarded forum rates. *See Henry v. Sec'y of Health & Human Servs.*, No. 15-545V, 2016 WL 7189925, at *10 (Fed. Cl. Spec. Mstr. Nov. 4, 2016).

Petitioner request $135 per hour for work performed by Laura Holdford, a paralegal, in 2015. Fees App. at 10. The undersigned has previously considered Ms. Holdford's rate and found it to be reasonable because it was in the middle of the range for paralegals in the fee schedule for 2015-2016. *Miller v. Sec'y of Health & Human Servs.*, No. , 2017 WL 6997291, at *2 (Fed. Cl. Spec. Mstr. Dec. 28, 2017). Therefore, the undersigned awards Petitioner the requested rate for Ms. Holdford.

Petitioner requests $145 per hour for work performed in 2015 and 2016, $148 per hour for work performed in 2017, and $153 per hour for work performed in 2018, by law clerks Samantha Ward and Carmen Smith. Fees App. at 10. The undersigned finds the requested rates for Ms. Ward and Ms. Smith reasonable, as they are within the law clerk range in the fee schedules. Therefore, the undersigned awards petitioner the requested rates for Ms. Ward and Ms. Smith.

For work performed by attorney Michael McLaren, petitioner requests $410 per hour for work performed in 2015, $425 per hour for work performed in 2016, $440 per hour for work performed in 2017, and $456 per hour for work performed in 2018. Fees App. at 10. Mr. McLaren has been an attorney since 1976, and has practiced in the vaccine Program since its inception. *Id.* at 5. Therefore, Mr. McLaren is an experienced Vaccine program attorney who had 39 years of experience when he began work on this case. The undersigned finds the requested rates reasonable with one exception – the requested rate of $456 per hour for work performed in 2018 exceeds the maximum rate prescribed by the Fee Schedule by a single dollar. The undersigned will therefore compensate Mr. McLaren for work performed in 2018 at $455 per hour. The billing record indicates that Mr. McLaren performed 1.1 hours of work on this matter in 2018. This results in a total reduction of $1.10.

For work performed by attorney William Cochran, Jr., Petitioner requests $345 per hour for work performed in 2015, $355 per hour for work performed in 2016, and $365 per hour for work performed in 2017. Fees App. at 10. Mr. Cochran has been an attorney since 2001, has represented petitioners in the vaccine program since 2003, and most of his law practice is

---

[3] The 2015-2016 Fee Schedule can be accessed at: http://www.cofc.uscourts.gov/sites/default/files/Attorneys-Forum-Rate-Fee-Schedule2015-2016.pdf. The 2017 Fee Schedule can be accessed at: http://www.cofc.uscourts.gov/sites/default/files/Attorneys-Forum-Rate-Fee-Schedule-2017.pdf. The 2018 Fee Schedule can be accessed at: http://www.cofc.uscourts.gov/sites/default/files/Attorneys%27%20Forum%20Rate%20Fee%20Schedule%202018.pdf. The hourly rates contained within the schedules are updated from the decision in *McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).

comprised of vaccine work. *Id.* at 6. Therefore, Mr. Cochran is an experienced Vaccine Program attorney who had 14 years of experience when he began work on this case. The undersigned finds the requested rates reasonable as they do not exceed the ranges in the fee schedules for attorneys with his level of experience. Therefore, the undersigned awards Petitioner the requested rates for Mr. Cochran.

For work performed by attorney Chris Webb, Petitioner requests $295 per hour for work performed in 2015, $305 per hour for work performed in 2016, $315 per hour for work performed in 2017, and $340 per hour for work performed in 2018. Fees App. at 10. Mr. Webb has been an attorney since 2007 and has practiced in the Vaccine Program since 2008. *Id.* at 7. He estimates that approximately ninety percent of his law practice consists of vaccine work. *Id.* Therefore, Mr. Webb is an experienced Vaccine Program attorney who had seven years of experience when he began work on this case. The undersigned finds the requested rates reasonable with one exception – Mr. Webb's requested rate for 2018. Other special masters who have considered Mr. Webb's requested rate for 2018 have found it to be excessive. *See Reichert v. Sec'y of Health & Human Servs.*, No. 16-697V, 2018 WL 3989429, at *3 (Fed. Cl. Spec. Mstr. June 20, 2018)(finding that $326 per hour for work performed in 2018 is a reasonable rate for Mr. Webb); *Booth v. Sec'y of Health & Human Servs.*, No. 17-246V, 2018 WL 2772540 (Fed. Cl. Spec. Mstr. March 7, 2018)(same). The undersigned agrees with the well-reasoned analysis contained in these decisions, and will likewise compensate Mr. Webb at $326 per hour for 2018. The billing records indicate that Mr. Webb billed 42.7 hours in 2018. Accordingly, this results in a reduction of $597.80.

For work performed by attorney J. Mark Griffee, Petitioner requests $425 per hour for work performed in 2016. Fees App. at 10. Petitioner has not included any background information on Mr. Griffee, but review of the BMJRG website reveals that Mr. Griffee has been an attorney since 1980. It does not appear that Mr. Griffee is a frequent practitioner in the Vaccine Program, given that his name and credentials are almost completely absent from the fees application, and a cursory search on Westlaw does not reveal any instances in which a special master has considered his requested rates. Indeed, the billing record reflects that Mr. Griffee has billed just one hour in this matter, counseling his colleague Mr. Webb on employment law issues. Fees App. Ex. 2 at 8. While there is no doubt that Mr. Griffee has considerable legal experience, his relative lack of experience in the Vaccine Program means that he cannot command the same rate within the Program as his college Mr. McLaren. The undersigned finds that $400 per hour is a more appropriate rate at which to compensate Mr. Griffee, as it places him in the lower range of rates for attorneys with 31+ years of experience. This results in a reduction of $25.00.

### b. Hours expended

Petitioner requests compensation for 243 hours billed by the paralegal, law clerks, and attorneys at Black McLaren Jones Ryland & Griffee. Fees App. at 10. Petitioner has submitted adequate billing logs listing the date, amount of time, individual, and the nature of each task. The undersigned has reviewed the billing records and does not find any entries to be objectionable, and Respondent has not objected any particular entry either. Accordingly, I find the hours expended on this matter are reasonable and should be awarded in full.

### c. Attorneys' Costs

Like attorneys' fees, a request for reimbursement of attorneys' costs must be reasonable. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). Petitioner requests $23,106.15 in attorneys' costs. These costs are associated with medical record retrieval, a filing fee, travel expenses incurred by Mr. Webb, and expert expenses.[4]

The undersigned finds several of Mr. Webb's meal charges to be unreasonable. The billing records evidences that Mr. Webb billed for three separate meals at Ruth's Chris Steakhouse while traveling - $97.87 on 01/04/2016, $117.34 on 06/14/2016, and $85.24 on 02/13/2017. Fees App. ex. 2 at 38-39. This is in addition to generally excessive amounts of money spent on hotel dining.[5] Other special masters have previously reduced BMJRG attorneys for excessive expenditure on meals during travel. *See Reichert*, 2018 WL 3989429, at *4; *Dempsey*, 2017 WL 6343870, at *9. Accordingly, the undersigned will not award these costs, and cautions counsel that future excessive meal costs will also be disallowed. This results in a total reduction of $300.45. The undersigned finds that the remainder of the attorneys' costs are reasonable.

## II. Conclusion

Based on all of the above, the undersigned finds that Petitioner is entitled to the following award of reasonable attorneys' fees and costs:

| Attorneys' Fees Requested | $71,695.40 |
|---|---|
| (Total Reduction from Rate Adjustment) | - $623.90 |
| **Total Attorneys' Fees Awarded** | **$71,071.40** |
| | |
| Attorneys' Costs Requested | $23,106.15 |
| (Reduction of Costs) | - $300.45 |
| **Total Attorneys' Costs Awarded** | **$22,805.70** |
| | |
| **Total Amount of Fees and Costs Awarded** | **$93,877.20** |

---

[4] Although no expert report was filed in this case, Petitioner retained several experts for professional services over the course of the case, including Nancy Bond and Susan Guth at The Coordinating Center to help develop a life care plan for Petitioner, and Dr. Parker Cashdollar, an economic consultant, to opine on lost wages. The Coordinating Center billed for work at a rate of $175 per hour, and Dr. Cashdollar billed 5.5 hours at $200 per hour. Fees App. Ex 2 at 38-40. The undersigned finds these expenses reasonable and Respondent has not objected to any of these expenses, and they shall be awarded in full.

[5] For example, on January 4, 2016, Mr. Webb also billed $78.62 in food and drink costs at the hotel on the same day he billed $97.87 at Ruth's Chris Steakhouse. Fees App. Ex. 2 at 58-59. Perhaps realizing that his food charges were excessive, it appears that Mr. Webb self-reduced the amount billed by $9.00. Even with this reduction, Mr. Webb is well over the GSA approved per diem rates for Savannah, GA in 2016. *See* GSA FY 2016 Per Diem Rates for Savannah, GA at https://www.gsa.gov/travel/plan-book/per-diem-rates/per-diem-rates-lookup/?action=perdiems_report&state=GA&fiscal_year=2016&zip=&city=Savannah.

In accordance with the Vaccine Act, 42 U.S.C. § 300aa-15(e) (2012), the undersigned has reviewed the billing records and costs in this case and finds that Petitioner's request for fees and costs, other than those reductions delineated above, is reasonable. Accordingly, the undersigned hereby awards **a total of $93,927.19 to be issued in the form of a check payable jointly to Petitioner and Petitioner's counsel, Michael McLaren, of Black McLaren Jones Ryland & Griffee, for attorneys' fees and costs**.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court shall enter judgment in accordance herewith.[6]

**IT IS SO ORDERED.**

s/Herbrina D. Sanders
Herbrina D. Sanders
Special Master

---

[6] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. Vaccine Rule 11(a).